**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Brit F. Augborne, III,

    Plaintiff

v.

Timothy Filson, et al.,

    Defendants

Case No.: 2:19-cv-00447-JAD-VCF

**Order Denying Motions For Temporary Restraining Order**

[ECF Nos. 17, 18]

    This civil-rights lawsuit concerns plaintiff Brit F. Augborne, III's allegations that his constitutional rights were violated when he was placed in administrative segregation at Ely State Prison in 2017.[1]  Augborne has now filed two identical motions seeking a temporary restraining order and injunctive relief[2] regarding a November 12, 2020, inmate-mediation conference in another case, which he claims ended with him being strip searched and having his legal papers destroyed at High Desert State Prison.[3]  Because this court lacks the power to issue injunctive relief against persons who are not parties to this case regarding allegations unrelated to the conduct that forms the basis of this lawsuit, I deny the motions.

**Discussion**

    Augborne claims that, during the mediation conference, Officer Binder entered the locked conference room and demanded that Augborne turn over his radio and headphones. Officer Binder stated that he was acting under the orders of Warden Pickenney.  Augborne responded that prison regulations did not require him to turn over the radio and headphones, but Binder told Augborne that he would not be allowed to leave the room with his headphones and

---

[1] *See* ECF No. 5 (screening order).

[2] ECF Nos 17, 18.

[3] *Id.* at 2.  I note that no mediation was scheduled in this case, so Augborne's mediation conference must have been part of a different case.

1

radio.[4]  Augborne informed the mediator of the incident and ended the mediation.[5]  At that point, somewhere between seven and ten officers entered the room, cuffed Augborne, and strip searched him.  When Augborne returned to his cell, he found that his litigation papers had been destroyed.  Augborne requests a temporary restraining order against Pickenney, Binder, Officers Sanchez and Roberts, and the entire team of officers involved in his strip search.[6]  None of these individuals are defendants in this case.  Augborne also requests an order that future court hearings be conducted in a different area of the prison.

Injunctive relief, whether temporary or permanent, is an "extraordinary remedy, never awarded as of right."[7]  "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."[8]  Even if a plaintiff can clear that high burden, a "court's equitable power lies only over the merits of the case or controversy before it.  When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction."[9]

Augborne's complaint is based on allegations that he was improperly placed in administrative segregation at Ely State Prison in 2017.[10]  But his motions for a temporary restraining order and injunctive relief are based on allegations that are not related to the

---

[4] *Id.* at 3.

[5] *Id.* at 4.

[6] *Id.* at 8.

[7] *Winter v. Natural Res. Defense Council*, 555 U.S. 7, 24 (2008).

[8] *Am. Trucking Ass'ns, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting *Winter*, 555 U.S. at 20).

[9] *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 633 (9th Cir. 2015).

[10] ECF No. 5 at 2–3 (screening order).

complaint, occurring at a wholly different facility three years later, and against individuals who are not defendants in this case. This court lacks the authority to issue an injunction against individuals who are not defendants in this case based on allegations that are not related to the complaint. Therefore, I deny Augborne's motions.[11]

Accordingly, IT IS HEREBY ORDERED that Augborne's motions for a temporary restraining order and injunctive relief **[ECF Nos. 17, 18] are DENIED.**

Dated: November 23, 2020

_____
U.S. District Judge Jennifer A. Dorsey

---

[11] Although I deny Augborne's motions, I note that the mediation process is helpful for all parties. If the Office of the Attorney General could ensure that Augborne is at ease during the mediation conference, and that the mediation conference is not interrupted, it may increase the chances of an amicable settlement.